UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL TEAMSTERS LOCAL #439, affiliated with INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>Plaintiff,<br><br>v.<br><br>LEPRINO FOODS COMPANY,<br><br>Defendant. | No. 2:21-cv-00563-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

On March 4, 2021, Plaintiff General Teamsters Local #439 ("Plaintiff") filed a Petition to Compel Arbitration ("Petition") in the Superior Court of California, County of San Joaquin, against Defendant Leprino Foods Company ("Defendant"), seeking to order Defendant "to submit the outstanding dispute to the grievance and arbitration procedures set forth in the provisions of the collective bargaining agreement . . . and to otherwise comply with the grievance and arbitration procedures required by said agreement . . . ." Ex. 1, Not. Removal, ECF No. 1, at 9. Defendant timely removed the Petition to this Court pursuant to 28 U.S.C. § 1331. Presently before the Court are two motions: (1) Plaintiff's Motion to Compel Arbitration, ECF No. 6, and (2) Defendant's Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11, ECF No. 12. For

///

1

the reasons set forth below, Plaintiff's Motion to Compel Arbitration is DENIED, and Defendant's Motion for Sanctions is GRANTED.[1]

## BACKGROUND

### A. Collective Bargaining Agreement

Plaintiff and Defendant are parties to a written collective bargaining agreement ("CBA"), which was in effect at all times relevant to the pending Motions. See generally Ex. A, Not. Removal, ECF No. 1, at 10–96. Section 19.A of the CBA titled "Job Bidding" provides, in relevant part, the following:

> The working foreperson position shall be considered an assignment rather than a job classification for purposes of Sections 18 and 19 of this Agreement. **The designation of employees for such assignments is the exclusive right of the Employer and is not subject to review under this Agreement.** For purposes of layoff, bumping, disqualification or resignation of the working foreperson assignment, the working foreperson shall be considered to have remained within the classification previously held and reclaim his/her previously held position, provided that position is not held by a higher senior employee. If a higher senior employee is holding the position or the job has been eliminated, the employee will bump in accordance with Section 18 (D) 2.
>
> **The Employer shall consider candidates in the following order, but the Employer shall be the sole judge both of the employee's qualifications and of their suitability to the position in question, and no such judgment concerning the Employer's requirements shall be subject to the review under any provision of the Agreement** (the Employer shall post a list to afford employees the opportunity to indicate their interest in working foreperson assignments).
>
> (1) The Foreperson selection process shall be as follows when a vacancy occurs:
>
> (a) The Department Manager will ask each of the current department forepersons, in order of seniority, if they are interested in the vacancy.

///

---

[1] Because oral argument would not be of material assistance, the Court ordered these matters submitted on the briefs. E.D. Local Rule 230(g).

>   (b)  If any of the existing department forepersons have an interest they would be awarded the position, by seniority, and then an interest list for the final vacancy will be posted.
>
>   (2)  For working foreperson assignments in the maintenance department, the Employer shall consider first employees with at least three (3) months experience in the plant; if no such employee meets the Employer's requirements, the Employer shall consider employees with less than three (3) months experience in the plant;
>
>   (3)  For working foreperson assignments in all other departments in the plant, the Employer shall consider first employees with at least one (1) year experience in Bracket 2 or 3; if no such employee meets the Employer's requirements, the Employer shall next consider employees with at least one (1) year experience in Brackets 4 or 5; if no such employee meets the Employer's requirements for working foreperson in the Processing Department, the Employer shall consider first employees with one (1) year experience in the plant; if no such employee meets the Employer's requirements, then the Employer shall consider the employees with less than one (1) year experience in the plant.
>
>   Working Foreperson with the most plant seniority that is capable of performing the job will be retained for the purpose of layoff and bumping procedures.

Id. at 28–29 (emphases added).

### B.   Prior Lawsuit

In 2018, Plaintiff previously brought a lawsuit against Defendant in this Court, seeking to compel Defendant to arbitrate a grievance pursuant to section 301 of the Labor Management Relations Act ("LMRA"), codified at 29 U.S.C. § 185. See generally Teamsters Local 439 v. Leprino Foods Co., No. 2:18-cv-00280-MCE-CKD (E.D. Cal. 2018) ("2018 Action").[2]  The 2018 Action involved a grievance filed by Plaintiff and an employee of Defendant, Ms. Rita Shah, alleging that Defendant violated, in part, Section 19 of the CBA by awarding the foreperson position to a different employee without first

---

[2] Defendant asks the Court to take judicial notice of seven documents from the 2018 Action. ECF No. 13-2 ("RJN"). Plaintiff does not oppose Defendant's request. See Pl.'s Reply Mot. Compel Arbitration, ECF No. 16, at 10. Pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  A court may take judicial notice of matters of public record. Lee v. City of L.A., 250 F.3d 668, 689 (9th Cir. 2001).  Because these documents are the proper subject of judicial notice, Defendant's Request for Judicial Notice is GRANTED.

offering Ms. Shah the opportunity to bid for that position. See Ex. A, Def.'s RJN, ECF No. 13-2, at 4–92. Defendant subsequently moved to dismiss the complaint on grounds that Section 19 of the CBA expressly excludes Plaintiff's grievance from the CBA's arbitration provisions. See Ex. B, Def.'s RJN, ECF No. 13-2, at 94–105.

On June 8, 2018, this Court granted Defendant's motion to dismiss for the following reasons:

> The CBA is clear that "[t]he designation of employees for 'working foreperson' assignments is the **exclusive right** of the Employer and is **not subject to review under this Agreement**." ECF No. 1–2 at 15 (emphasis added). It then reiterates that "no . . . judgment concerning the Employer's requirements shall be subject to the review under any provision of the Agreement." Id. As such, Defendant's decision to designate another employee as foreperson in lieu of Plaintiff is not arbitrable.
>
> Plaintiff argues to the contrary that the "exclusion only applies to the Employer's initial assignment and determination of an employee's qualifications or suitability for the foreperson classification." Pl.'s Op., ECF No. 7, at 5. If that was what the parties intended, however, they should have said as much. Nothing in the exclusionary language limits its application to initial designations. Rather, the CBA expressly states, without identifying any exceptions, that challenges to foreperson assignments are not subject to review under the terms of the agreement. Defendant's Motion is thus well taken, and Plaintiff's Complaint is DISMISSED.

Ex. E, Def.'s RJN, ECF No. 13-2, at 131–35. Although Plaintiff was given leave to file an amended complaint, it failed to do so and on July 19, 2018, this Court dismissed the 2018 Action with prejudice. Exs. F–G, Def.'s RJN, ECF No. 13-2, at 137–39.

### C.   Present Lawsuit

Between November 27, 2019, and December 10, 2019, Plaintiff filed three grievances over Defendant's alleged violations of Section 19.A(1)–(3) of the CBA. See Ex. A, Not. Removal, ECF No. 1, at 28–29; Ex. 1, id., at 8. For example, two grievances alleged that Defendant failed to comply with the process outlined in Section 19.A(1)–(3) in the selection of a sanitation and warehouse foreperson, respectively. Ex. 1, id., at 8. Plaintiff ultimately claims that the grievances "concern whether [Defendant] complied with the process for selecting forepersons, not whether [Defendant] abused its discretion

4

in choosing a foreperson if the contractually agreed upon selection process was followed." Id. On January 8, 2020, in response to each grievance, Defendant advised Plaintiff that "selection of foreperson is not grievable under the CBA." Ex. 1, Rappaport Decl., ECF No. 13-1, at 6–8.

On February 18, 2020, Plaintiff sent Defendant a formal request for arbitration. Ex. 2, id., at 11. After receiving a follow-up communication from Plaintiff, on March 10, 2020, Defendant declined to arbitrate the three grievances, explaining that the selection of working forepersons is not arbitrable under the CBA and that this issue was already litigated in the 2018 Action. Id. at 10–17. Similarly, on May 21, 2020, the parties again discussed by letter whether the three grievances are arbitrable, with Plaintiff asserting that the present grievances were filed under Section 19.A(3), whereas the grievance underlying the 2018 Action was filed under Section 19.A(1). Ex. 3, id., at 19. Defendant again reiterated that, regardless of the subsection, the Court already determined in the 2018 Action that challenges to foreperson assignments are not arbitrable. Id. at 20.

On June 9, 2020, Plaintiff's counsel sent another letter to Defendant, stating that, after reviewing the decision in the 2018 Action and the CBA, Defendant is incorrect in its position that the present grievances are not arbitrable. Ex. 4, id., at 22–24 ("All three grievances at issue contend that [Defendant] failed to follow the process in selecting forepersons, and are not challenges to the judgment of [Defendant] to pick a particular foreperson."). Plaintiff subsequently emailed Defendant on August 31, 2020, inquiring about the selection of arbitrators. Id. at 25. Defendant responded to the last two communications on September 11, 2020, stating that the June 9 letter included the exact same arguments made by Plaintiff in the 2018 Action, and affirming its position that the present grievances are not arbitrable. Ex. 5, id., at 27.

///
///
///
///

**ANALYSIS**

**A.     Plaintiff's Motion to Compel Arbitration**

Plaintiff seeks to compel Defendant to arbitrate grievances based on Defendant's alleged failure to follow the process and steps set forth in Section 19.A(1)–(3) of the CBA.  See Pl.'s Mem. ISO Mot. Compel Arbitration, ECF No. 7, at 6–7.  Defendant argues, in part, that Plaintiff's Motion is barred by the doctrines of res judicata and collateral estoppel because both the 2018 Action and the present action involve the same issue and parties.  See Def.'s Opp'n Mot. Compel Arbitration, ECF No. 13, at 18–20.

The United States Supreme Court succinctly described the doctrine of res judicata as follows:[3]

> The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata."  Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit."  Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim.  By "precluding parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions."

Taylor, 553 U.S. at 892 (citations omitted).  The Court will first address issue preclusion or collateral estoppel, which applies when four conditions are met:  "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits."  Janjua v. Neufeld, 933 F.3d 1061, 1065 (9th Cir. 2019) (quoting Oyeniran v. Holder, 672 F.3d 800, 806 (9th Cir. 2012)).

---

[3] "The res judicata effect of federal court judgments is a matter of federal law."  W. Sys., Inc. v. Ulloa, 958 F.2d 864, 871 n.11 (9th Cir. 1992) (citation omitted); see also Taylor v. Sturgell, 553 U.S. 880, 891 (2008) ("The preclusive effect of a federal-court judgment is determined by federal common law.").

6

Here, the parties dispute whether the first prong is met, i.e., whether the issues are identical. In the 2018 Action, Plaintiff sought to compel Defendant to arbitrate a grievance alleging that Defendant violated, in part, Section 19 of the CBA by awarding the foreperson position to a different employee without first offering Ms. Shah the opportunity to bid for that position. See Ex. A, Def.'s RJN, ECF No. 13-2, at 4–92. By way of the present action, Plaintiff now seeks to compel Defendant to arbitrate three grievances alleging that Defendant failed to comply with the foreperson selection procedures set forth in Section 19.A(1)–(3) of the CBA. See Ex. 1, Not. Removal, ECF No. 1, at 7–9; Pl.'s Mem. ISO Mot. Compel Arbitration, ECF No. 7, at 1–2.

On the surface, both actions involve the selection of forepersons under Section 19.A of the CBA. Plaintiff, however, tries to distinguish the issues in both actions, asserting that "the 2018 [Action] by the District Court found that [Plaintiff] could not grieve whether a particular person is a foreperson, which is different than the current three grievances, which challenge whether [Defendant] complied with the process of who to consider first." Pl.'s Mem. ISO Mot. Compel Arbitration, ECF No. 7, at 11 ("There is a world of difference between process and selection."). Despite Plaintiff's efforts, the Court finds that the issues in both actions are identical, which is whether Defendant should be compelled to arbitrate grievances alleging violations of the foreperson selection process set forth in Section 19.A. The grievance in the 2018 Action was not simply about whether the correct person was chosen as the foreperson; in fact, Plaintiff's claim was that Defendant offered the foreperson position to a different employee **without first offering Ms. Shah the opportunity to bid for that position**. This clearly has to do with the selection process and not just the selection of the foreperson.

The Court also finds the remaining prongs to be satisfied. Regarding the second and third prongs, the issue of whether Defendant should be compelled to arbitrate grievances based on violations of the foreperson selection process in Section 19.A was actually litigated and decided in the 2018 Action, and Plaintiff had a full and fair opportunity to litigate that issue in this same Court. Many of the arguments asserted by

Plaintiff here are identical to its arguments in the 2018 Action, which were already considered by this Court and ultimately rejected. See Janjua, 933 F.3d at 1066 (holding that "an issue is actually litigated when an issue is raised, contested, and submitted for determination.") (citation omitted).  For example, Plaintiff's complaint in the 2018 Action alleged that Defendant did not follow the process set forth in Section 19.A(1) of the CBA in selecting a new foreperson. See Ex. A, Def.'s RJN, ECF No. 13-2, at 6 (claiming that Defendant "did not ask if [Ms. Shah] was interested in the store room foreperson position in order of seniority" prior to asking another employee).  Additionally, Plaintiff stated in its opposition brief to Defendant's motion to dismiss in the 2018 Action that "Plaintiff's grievance in this case specifically references Section 19(A)(1) and asserts that [Defendant] violated the CBA **by not following the prescribed process for filling a vacant foreperson position**." Ex. C, id., at 116 (emphasis added).  Finally, when ruling on Defendant's motion to dismiss in the 2018 Action, the Court determined that "the CBA expressly states, without identifying any exceptions, that challenges to foreperson assignments are not subject to review under the terms of the agreement." Ex. E, id., at 135.  As for the fourth prong, for reasons outlined above, the issue of whether Plaintiff's grievances were arbitrable under Section 19.A was the central issue before this Court.

Because all four prongs have been satisfied, the Court finds Plaintiff's present action to be barred by collateral estoppel.[4]  Accordingly, Plaintiff's Motion to Compel Arbitration is DENIED.

**B.  Defendant's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11**[5]

Pursuant to Rule 11, Defendant requests that "this Court sanction [Plaintiff] and its counsel by reimbursing [Defendant] all costs and fees incurred to defend itself in this matter, including [Defendant's] fees incurred in bringing the instant Motion." Def.'s Mem.

---

[4] Because issue preclusion requires the Court to dismiss this action, it need not address claim preclusion.

[5] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure, unless otherwise stated.

ISO Mot. Sanctions, ECF No. 12-1, at 7 (requesting at least $30,235 in attorneys' fees and costs).  Under Rule 11, by presenting papers to this Court, an attorney certifies that his legal contentions are warranted by existing law, supported by factual evidence, and are not presented "for any improper purpose."  Fed. R. Civ. P. 11(b).  If the Court finds that Rule 11(b) has been violated, it may impose a reasonable sanction on any attorney, law firm, or party that violated the rule.  Fed. R. Civ. P. 11(c)(1).

Rule 11 "is designed to deter attorneys and unrepresented parties from violating their certification that any pleading, motion or other paper presented to the court is supported by an objectively reasonable legal and factual basis; no showing of bad faith or subjective intent is required." Truesdell v. S. Cal. Permanente Med. Grp., 209 F.R.D. 169, 173–74 (C.D. Cal. 2002).  Rather, Rule 11 is governed by an objective standard of reasonableness.  See, e.g., Conn v. CSO Borjorquez, 967 F.2d 1418, 1420 (9th Cir. 1992).  Thus, where a party "pursues causes of action for which there is no legal basis whatsoever," sanctions may be warranted.  Bhambra v. True, No. 09–cv–4685–CRB, 2010 WL 1758895, at *3 (N.D. Cal. Apr. 30, 2010).

"The central purpose of Rule 11 is to deter baseless filings." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 254 (9th Cir.1992) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990)).  "Under the plain language of the rule, when one party files a motion for sanctions, the court must determine whether any provisions of subdivision (b) have been violated." Id.  If Rule 11(b) was violated, the court "may" impose sanctions. Id. at 1390.  However, a court cannot simply assert that it "declines to impose sanctions." Id.  The Court will first address whether Defendant has complied with Rule 11's safe harbor provision, then the propriety and amount, if any, of sanctions.

### 1. Safe Harbor Provision

> Where, as here, sanctions are initiated by motion, Rule 11 provides for a mandatory 21 day safe-harbor period before a motion for sanctions is filed with the court.  The movant serves the allegedly offending party with a filing-ready motion as notice that it plans to seek sanctions.  After 21 days, if the

> offending party has not withdrawn the filing, the movant may file the Rule 11 motion with the court. This period is meant to give litigants an opportunity to remedy any alleged misconduct before sanctions are imposed.

Truesdell v. S. Cal. Permanente Med. Grp., 293 F.3d 1146, 1151–52 (9th Cir. 2002) (citing Fed. R. Civ. P. 11).

Here, on April 9, 2021, Defendant both mailed and emailed Plaintiff a copy of the Motion for Sanctions and a letter explaining that, unless Plaintiff dismisses the present action, Defendant will file its Motion for Sanctions to recover its attorneys' fees and costs on grounds that "[Plaintiff] has ignored well-established case law in filing its state and federal court petitions to compel arbitration and blatantly disregarded the 2018 prior court order adjudicating the same issue involved in the instant action between the same parties under the same section of the CBA." See Ex. 7, Rappaport Decl., ECF No. 12-2, at 35–36. Plaintiff responded to the letter and enclosures on April 29, 2021, contending that the grievances in the present action are different than those asserted in the 2018 Action, and that Plaintiff will continue to proceed with its Motion to Compel Arbitration. Ex. 8, id., at 38. Accordingly, Defendant's April 9, 2021 letter fulfilled the purpose of Rule 11(c)(2)'s safe harbor provision as it provided Plaintiff with an opportunity to dismiss the pending lawsuit within 21 days.

### 2.    **Propriety of Rule 11 Sanctions**

In assessing whether sanctions are warranted based on the filing of a complaint, "a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002) (citing Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir. 1997), abrogated on other grounds by Fossen v. Blue Cross & Blue Shield of Mont., Inc., 660 F.3d 1102 (9th Cir. 2011)). A filing that is "both baseless and made without a reasonable and competent inquiry" is frivolous. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990).

10

Filing a complaint that includes factual or legal contentions that are barred by a prior judgment may give rise to sanctions under Rule 11.  See, e.g., Ivanova v. Columbia Pictures Indus., Inc., 217 F.R.D. 501, 512 (C.D. Cal. 2003); King v. Hoover Grp., Inc., 958 F.2d 219, 223 (8th Cir. 1992) (upholding sanctions where the party "should have realized that [the second action] was barred by [the first action] because of the identity of the facts and issues"); So. Leasing Partners, Inc., McMullan, 801 F.2d 783, 788–89 (5th Cir. 1986); Cannon v. Loyola Univ. of Chicago, 784 F.2d 777, 782 (7th Cir. 1986).  In fact, some courts have noted that "a district court abuses its discretion by refusing to sanction a plaintiff and his counsel under Rule 11 for filing and maintaining a frivolous lawsuit when the plaintiff seeks to relitigate claims he had been denied leave to serve against the same defendant in an earlier lawsuit."  Pro. Mgmt. Associates, Inc. v. KPMG LLP, 345 F.3d 1030, 1033 (8th Cir. 2003).

Defendant contends that sanctions are warranted here, in part, because a reasonable inquiry would have discovered that "no part of the foreperson selection process under Section 19(A) of the CBA is arbitrable" in light of the 2018 Action and Defendant's multiple communications with Plaintiff dating back to January 2020.  Def.'s Mem. ISO Mot. Sanctions, ECF No. 12-1, at 21.  In arguing that its Motion to Compel Arbitration is not frivolous or without factual foundation, Plaintiff merely reiterates arguments made in said motion, including that collateral estoppel does not bar the present action.  See generally Pl.'s Opp'n Mot. Sanctions, ECF No. 20.

The Court finds that both prongs set forth in Christian are met in light of the Court's finding that the present action is in fact barred by collateral estoppel.  First, the present action is legally baseless because "it seeks to relitigate issues that were conclusively resolved in the prior suit."  Buster, 104 F.3d at 1190.  Second, "a filing is frivolous when a reasonable inquiry would have revealed that a case was barred by principles of res judicata and collateral estoppel."  Sconiers v. Fresno Cnty. Superior Ct., No. 1:11-cv-00113-LJO-SMS, 2011 WL 5884263, at *12 (E.D. Cal. Nov. 23, 2011) (citing Buster, 104 F.3d at 1190).

Plaintiff claims that its "current counsel was not provided the briefings in [the 2018 Action], argued by other counsel, until [Defendant] requested to have those pleadings judicially noticed." Pl.'s Opp'n Mot. Sanctions, ECF No. 20, at 14 n.5. However, in a letter to Defendant's counsel dated June 9, 2020, Plaintiff's counsel stated that he reviewed the CBA and the Court's decision from the 2018 Action, but nonetheless concluded that Defendant was "misreading the contract and relevant labor law authority." Ex. 4, Rappaport Decl., ECF No. 12-2, at 23. In any event, the Court is not moved by Plaintiff's assertion that it was not provided the briefings from the 2018 Action, especially since those documents are public records. Furthermore, in its Motion to Compel Arbitration and opposition to Defendant's Motion for Sanctions, Plaintiff asserts identical arguments it made in the 2018 Action as well as its multiple communications with Defendant prior to the filing of the present action. See Exs. 1–6, Rappaport Decl., ECF No. 13-1, at 5–32. Therefore, the filing of the Petition and Motion to Compel, in addition to Plaintiff's subsequent refusal to withdraw the filing after receiving the safe harbor letter, violated Rule 11(b).

### 3. Amount of Sanctions

Rule 11 provides that "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Id. 11(c)(2).

Here, Defendant seeks sanctions in the amount of $30,235. Def.'s Mem. ISO Mot. Sanctions, ECF No. 12-1, at 7; see also Rappaport Decl., ECF No. 12-2 ¶¶ 10–16. This amount is based on the number of hours attorneys Adrianna C. Kourafas and Sandra L. Rappaport reportedly spent in bringing the motion for sanctions and in opposing the Petition and Plaintiff's Motion to Compel Arbitration. See Rappaport Decl., ECF No. 12-2 ¶¶ 10–13. Also included in this amount is defense counsel's anticipatory costs in (1) reviewing Plaintiff's opposition to the Motion for Sanctions and Plaintiff's reply in support of its Motion to Compel Arbitration; (2) drafting, reviewing, and revising

Defendant's reply in support of its Motion for Sanctions; and (3) if applicable, preparing for and arguing in hearings on both Motions. Id. ¶¶ 14–15. However, it is unclear how much time defense counsel actually spent on these anticipatory costs, especially since no oral argument was held. Before issuing monetary sanctions, the Court finds that updated information as to Defendant's attorneys' fees and costs is necessary in order to conduct a proper lodestar analysis.

In sum, the Court GRANTS Defendant's Motion for Sanctions, but reserves the issue of the amount of sanctions upon an updated itemization of actual expenses incurred.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Compel Arbitration, ECF No. 6, is DENIED. Defendant's Motion for Sanctions, ECF No. 12, is GRANTED, with the amount of sanctions to be determined. Not later than fourteen (14) days after this Memorandum and Order is electronically filed, Defendant shall file an updated declaration with itemized amounts based on the actual hours incurred during the course of these proceedings. Plaintiff may, but is not required to, file a response no later than seven (7) days after Defendant's declaration is filed.

IT IS SO ORDERED.

Dated: January 7, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE