UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL TEAMSTERS LOCAL #439, affiliated with INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>Plaintiff,<br><br>v.<br><br>LEPRINO FOODS COMPANY,<br><br>Defendant. | No. 2:21-cv-00563-MCE-CKD<br><br>**ORDER** |

On January 7, 2022, this Court denied Plaintiff General Teamsters Local #439's ("Plaintiff") Motion to Compel Arbitration on grounds that the present action is barred by collateral estoppel. ECF No. 22. Defendant Leprino Foods Company ("Defendant") also moved for sanctions against Plaintiff and its counsel under Federal Rule of Civil Procedure 11,[1] which the Court granted. Id. Because the Court has already determined that sanctions are warranted, it will not recount the facts surrounding the basis for those sanctions here.

By way of its Rule 11 Motion, Defendant seeks to recover "all costs and fees incurred to defend itself in this matter, including [Defendant's] fees incurred in bringing

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1

the instant action." Def.'s Mem. ISO Mot. Sanctions, ECF No. 12-1, at 7. Before issuing monetary sanctions, the Court ordered Defendant to provide an updated declaration with itemized amounts based on the actual hours incurred during the course of these proceedings and permitted Plaintiff to file a response. Defendant subsequently filed an updated declaration from its counsel to which Plaintiff has responded. ECF Nos. 23 ("Rappaport Decl."), 25 ("Pl.'s Response"). In its declaration, Defendant seeks sanctions in the amount of $39,739. Rappaport Decl. ¶ 10. The Court has reviewed the parties' respective filings and, for the reasons set forth below, finds that sanctions in the amount of $12,037 are appropriate.

## ANALYSIS

Rule 11 provides that "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Id. 11(c)(2). Again, Defendant seeks to recover fees and costs in the amount of $39,739. Rappaport Decl. ¶ 10 (amount includes two filing fees of $402 and $435). This amount is primarily based on the number of hours attorneys Adrianna C. Kourafas and Sandra L. Rappaport reportedly spent in bringing the Motion for Sanctions and in opposing Plaintiff's state court petition to compel arbitration and the previously filed Motion to Compel Arbitration. See id. ¶¶ 1–10. Plaintiff argues that the requested amount should be reduced for a number of reasons, including that the hourly rates sought by defense counsel, $425 for Ms. Kourafas and $715 for Ms. Rappaport, are excessive. Rappaport Decl. ¶ 2. To determine the reasonableness of the hourly rates claimed, the district court looks to "the prevailing market rates in the relevant community," Blum v. Stenson, 465 U.S. 886, 895 (1984), "for similar work performed by attorneys of comparable skill, experience, and reputation," Chalmers v. City of L.A., 796 F.2d 1205, 1210–11 (9th Cir. 1986). In

general, "the relevant community is the forum in which the district court sits."  Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997).  The burden is on the party seeking fees "to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Blum, 465 U.S. at 895 n.11.

Aside from identifying Ms. Rappaport as a partner in her firm, see Rappaport Decl. ¶ 1, Defendant has not provided any information (e.g., years of experience) to support their requested rates.  Plaintiff alternatively suggests that rates of $250 for Ms. Kourafas and $400 for Ms. Rappaport would be reasonable.  Pl.'s Response at 6. The Court finds that the rates advanced by Plaintiff are more in line with the prevailing rates in Sacramento.  See, e.g., Tenorio v. Gallardo, No. 1:16-cv-00283-DAD-JLT, 2019 WL 3842892, at *4 (E.D. Cal. Aug. 15, 2019).  Accordingly, the appropriate baseline is $13,000 (52 hours x $250) for Ms. Kourafas and $9,400 (23.5 hours x $400) for Ms. Rappaport, which totals $22,400 in attorneys' fees.

In addition, Plaintiff contends that defense counsel expended unnecessary hours. For example, Plaintiff contends it was unnecessary that Ms. Kourafas spent 20 hours drafting the Motion for Sanctions; 10 hours reviewing the state court petition to compel and drafting an answer; and 13 hours preparing a Notice of Removal.  Pl.'s Response at 6 (citing Rappaport Decl. ¶¶ 2–4).  Plaintiff also believes that Ms. Rappaport expending 14 hours in preparing a Reply brief in support of Defendant's Motion for Sanctions is excessive.  Pl.'s Response at 6 (citing Rappaport Decl. ¶ 8).  The Court agrees that a reduction is warranted not only for these enumerated tasks, but for the work performed in defending this action in general.  On review of the record as a whole, the Court, in its discretion, finds it appropriate to reduce the total hours expended—and therefore the total amount of fees requested—by one half.  The Court therefore awards $12,037 (($22,400 / 2) + $402 + $435), which it has determined are the reasonable attorneys' fees and costs directly resulting from Plaintiff's counsel's Rule 11 violation.

///

**CONCLUSION**

Having already granted Defendant's Motion for Sanctions, ECF No. 12, the Court hereby issues sanctions against Plaintiff and its counsel in the amount of $12,037.  This case, having been resolved in its entirety, is hereby DISMISSED with prejudice.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  March 25, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE